**UNITED STATES BANKRUPTCY COURT,**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
| In re: | : | |
| --- | --- | --- |
| | : | Chapter 11 |
| | : | |
| **CARITAS HEALTH CARE, INC., <u>et al.</u>,** | : | Case Nos. 09-40901 (CEC) |
| | : | through 09-40909 (CEC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------- x

<u>**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a),
327, 363 AND RULES 2002, 2014, 6004 AND 9014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) AUTHORIZING AND APPROVING THE
SALE OF CERTAIN OF THE DEBTORS' EQUIPMENT AND MEDICAL SUPPLIES
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS,
(II) AUTHORIZING AND APPROVING THE ASSET PURCHASE AGREEMENT
WITH RESPECT THERETO, (III) AUTHORIZING AND APPROVING THE
DEBTORS' RETENTION OF LIQUIDATION AGENTS REGARDING SALES OF
SUCH MEDICAL SUPPLIES AND (IV) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion dated April 30, 2009 (the "<u>Motion</u>")[1] of Caritas Health Care, Inc. and the other above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), pursuant to Sections 105(a), 327 and 363 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 2014, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order (i) authorizing and approving the sale, free and clear of liens, claims and interests, of certain equipment assets (the "<u>Equipment</u>") and medical supplies (the "<u>Supplies</u>") of Caritas, as more specifically described in the Asset Purchase and Auction Agreement (as the same shall be amended, the "<u>APAA</u>")[2] entered into by and among Caritas, Centurion Service Group, LLC ("<u>Centurion</u>") and Perfection Plant Liquidations, LLC ("<u>Perfection</u>" and together with Centurion the "<u>Purchasers</u>"), annexed to the Motion as

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[2] The transactions contemplated by the APAA, including the sale of the Equipment to the Purchasers (as defined below) and sales of the Supplies by the Purchasers to third parties, are herein referred to as the "<u>Sales</u>."

Exhibit B, (ii) authorizing and approving the Debtors' retention of the Purchasers as liquidation agents regarding sales of the Supplies, (iii) authorizing and approving the APAA and (iv) granting related relief; and a hearing to consider, among other things, approval of the Auction Procedures having been held before this Court on May 13, 2009 (the "Auction Procedures Hearing"); and the Court having entered the Bidding Procedures Order on May 20, 2009; and the Court having conducted the Sale Hearing on June 3, 2009 to consider the approval of the Sales and related transactions pursuant to the terms of the APAA; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the APAA and the transactions contemplated thereby; and the Court having reviewed and considered the Motion and any objections thereto, and the arguments of counsel and evidence adduced related thereto; and upon the record of the Auction Procedures Hearing and the Sale Hearing and the full record of these cases; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their creditors and estates and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

    A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

    B.    This Court has jurisdiction over the Motion and the transactions contemplated by the APAA pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

    C.    Good and sufficient notice of the Motion and the relief sought therein has been given to all interested persons and entities, including, without limitation, (a) the U.S. Trustee; (b)

DASNY; (c) HFG; (d) SVCMC; (e) the Committee; (f) all those who have entered an appearance in these cases pursuant to Bankruptcy Rule 2002; (g) all parties who have expressed interest in making a Bid and for which the Debtors were provided contact information; (h) all known entities holding or asserting a lien on the Equipment or Supplies; (i) the Office of the Attorney General of the State of New York; and (j) any taxing authorities having jurisdiction over the Debtors, and no other or further notice is required.

D. A sound business purpose justifies the transactions contemplated by the APAA outside of the ordinary course of business.

E. The Debtors solicited offers for the transactions contemplated by the APAA in accordance with the Bidding Procedures Order, and no competing bids were received.

F. The Debtors, in consultation with the Committee, have agreed to a purchase price reduction with respect to the sale of the Equipment from $3.4 million to $3.125 million (the "Adjusted Purchase Price").

G. The consideration to be provided by the Purchasers pursuant to the APAA: (i) is fair and reasonable; (ii) is the highest and otherwise best offer in respect of the Sales; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and the Uniform Fraudulent Conveyance Act (7A part II, U.L.A. 2 (1999)) or the Uniform Fraudulent Transfer Act (7A part II, U.L.A. 66 (1999)) or any similar laws of any state or other jurisdiction whose law is applicable to the contemplated transactions.

H. Consummation of the Sales contemplated in the APAA will provide the highest or otherwise best value for the Equipment and Supplies and is in the best interests of the Debtors, their creditors and estates.

7653/21521-011 Current/14242605v8

I. Entry into the APAA and consummation of the transactions contemplated thereby constitute the exercise of the Debtors' sound business judgment and fiduciary duties by the Debtors and such acts are in the best interests of the Debtors, their creditors and estates.

J. The transactions contemplated by the APAA are undertaken by the Debtors and the Purchasers at arms' length, without collusion and in good faith within the meaning of section 363(m) of the Bankruptcy Code. The Purchasers are good faith purchasers under section 363(m) of the Bankruptcy Code and as such, are entitled to all of the protections afforded thereby and otherwise have proceeded in good faith in all respects in connection with this proceeding in that: (a) the Purchasers recognized that the Debtors were free to deal with any other party interested in a transaction regarding the Sales; (b) the Purchasers agreed to provisions in the APAA that would enable the Debtors to accept a higher and better offer in respect of the Sales; (c) the Purchasers in no way induced or caused the Chapter 11 filing of the Debtors; (d) the Purchasers made the highest and best bid in respect of the Sales; (e) all payments to be made to Purchasers and other agreements or arrangements entered into by Purchasers in connection with the transactions have been disclosed; and (f) the negotiation and execution of the APAA and any other agreements or instruments related thereto was in good faith and an arm's-length transaction between the Purchasers and the Debtors.

K. The Debtors and the Purchasers have not engaged in any conduct that would permit the APAA or the Sales to be avoided under Section 363(n) of the Bankruptcy Code.

L. The APAA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.

4

M. The Purchasers are not "insiders" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

N. The Purchasers are "disinterested persons" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code.

O. The Debtors are the sole and lawful owners of the Equipment and Supplies, and hold good title thereto, immediately prior to the Closing. Except as permitted under the express terms of the APAA, the consummation of the Sales pursuant to the APAA will be legal, valid and effective sales of the Equipment and Supplies and will vest (a) the Purchasers (and their designees or assignees, as applicable) with all right, title and interest of the Debtors and their bankruptcy estates in and to the Equipment and (b) any purchasers of the Supplies (and their designees or assignees, as applicable) with all right, title and interest of the Debtors and their bankruptcy estates in and to the Supplies, in each case, free and clear of all liens, claims and interests, including any such liens, claims and interests (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of (y) the Debtors', the Debtors' estates' or the Purchasers' interest in the Equipment or (z) the Debtors', the Debtors' estates' or any purchaser-of-the-Supplies' interest in the Supplies, or any similar rights, or (ii) relating to taxes or any other liabilities, arising under or out of, in connection with, or in any way relating to, the Equipment or Supplies, the Debtors, the Debtors' estates, or their respective operations or activities prior to the Closing Date, <u>subject</u>, <u>however</u>, to the Permitted Exceptions.

P. Sales of the Equipment and Supplies other than free and clear of liens, claims and interests other than the Permitted Exceptions would be of substantially less benefit to and would adversely affect the Debtors' bankruptcy estates.

5

Q.  With respect to all parties asserting liens, claims and interests in, to, or against the Equipment and Supplies, except with respect to the Permitted Exceptions, the Sales comply with all the requirements of section 363(f) of the Bankruptcy Code.  With respect to each interest in the Equipment and Supplies, except with respect to the Permitted Exceptions: (a) applicable non-bankruptcy law permits the sale free and clear of such interest; (b) the holder of such interest consents to the Sales; (c) the price at which such property is to be sold is greater than the aggregate value of all liens on the Equipment and Supplies; (d) such interest is in bona fide dispute; or (e) the holder of such interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

R.  Except with respect to the Permitted Exceptions, all parties with liens, claims or interests against the Equipment and Supplies identified to be sold under the APAA, if any, who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code; and all parties with liens, claims or interests against the Equipment and Supplies who objected to the Motion, but who did not withdraw any such objection, can be compelled to accept a monetary satisfaction of their liens, claims or interests within the meaning of Section 363(f)(5) of the Bankruptcy Code, and in each case, are enjoined from taking any action against the Purchasers or any purchaser of the Supplies, their affiliates or any agent of the foregoing to recover any claim which such person or entity has solely against the Debtors, or any of their respective affiliates.

S.  By virtue of the APAA or otherwise, the Purchasers will not acquire any liabilities of the Debtors except for the Permitted Exceptions.

6

7653/21521-011 Current/14242605v8

T. Without limiting the generality of the foregoing, the Purchasers would not have entered into the APAA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates and their creditors, if the Sales were not free and clear of all liens, claims and interests of any kind or nature whatsoever, except for the Permitted Exceptions, or if the Purchasers would or in the future could, be liable for any liens, claims and interests.

U. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

V. Upon entry of this order (the "Sale Order"), the Debtors shall have full power and authority to consummate the Sales contemplated by the APAA. The APAA and the Sales have been duly and validly authorized by all necessary action of the Debtors and no shareholder vote, board resolution or other corporate action is required of the Debtors for the Debtors to consummate such Sales or the other transactions contemplated in the APAA.

W. Cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rule 6004.

X. The entry of this Sale Order is in the best interests of the Debtors, their creditors and estates, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion, the APAA and the transactions contemplated thereby shall be, and hereby are, granted and approved in all respects.

2. The Debtors are authorized and directed to close, consummate and comply with the APAA and all other agreements and documents related to and contemplated thereby (collectively, the "Sale Documents"), which Sale Documents hereby are authorized and

7

approved in all respects and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the APAA.

3. All objections and responses to the Motion are hereby resolved in accordance with the terms of this Order and as set forth in the record at the Sale Hearing. To the extent such objections or responses were not otherwise overruled, withdrawn, waived, settled or resolved, they, and all reservations of rights included therein, are hereby overruled and denied.

4. The Purchasers' offer in respect of the Sales, as embodied in the APAA, as modified with respect to the Adjusted Purchase Price, is the highest and best offer therefor and is hereby approved.

5. Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, (i) the sale of the Equipment by the Debtors to the Purchasers, (ii) the sale of the Supplies as set forth in the APAA and (iii) the transactions related thereto, upon closing under the Sale Documents, are authorized and approved in all respects.

6. The Debtors' retention of the Purchasers pursuant to section 327(a) and 328 of the Bankruptcy Code as liquidation agents regarding sales of the Supplies, on the terms and conditions set forth in the APAA, is hereby approved in all respects.

7. The Purchasers shall be compensated by the Debtors in accordance with the APAA pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and without further order of the Court.

8. The Purchasers shall provide to the Debtors weekly sales reports in respect of the ongoing sales of the Supplies.

9. Subject to the payment by the Purchasers to the Debtors of the consideration provided for in the APAA pursuant to Section 363 of the Bankruptcy Code, (i) the sale of the

7653/21521-011 Current/14242605v8

Equipment by the Debtors to the Purchasers and (ii) the sale of the Supplies by the Purchasers to third parties shall constitute legal, valid, and effective transfers of the Equipment and Supplies and shall vest the Purchasers and such third parties with all right, title and interest of the Debtors in and to the Equipment and Supplies free and clear of all liens, claims and interests (except for the Permitted Exceptions) pursuant to section 363(f) of the Bankruptcy Code, effective as of the Closing.

10. To the extent that any property listed on Exhibit A to the APAA, or any other equipment or supplies not currently subject to the APAA, are determined to be property of the Debtors' estate, such equipment and supplies may be sold pursuant to this Order at a price to be agreed upon between the Debtors and any purchaser thereof, which price shall be subject to approval by the Creditors Committee.

11. Pursuant to Section 363(f) of the Bankruptcy Code, and except for the Permitted Exceptions, the Sales of the Equipment and Supplies shall be free and clear of all liens, claims and interests and all liabilities of the Debtors whether known or unknown, including, but not limited to, liens, claims or interests asserted by any of the Debtors' creditors, vendors, suppliers, employees, executory contract counterparties, or lessors, with such valid and/or perfected liens, claims and interests to attach to the proceeds that the Debtors realize from the Sales in the order of priority, with the same validity force and effect that they now have as against the Equipment and Supplies, subject to any rights, claims, defenses and objections the Debtors may possess with respect thereto.

12. The Purchasers have not assumed or otherwise become obligated for any of the Debtors' liabilities except for the Permitted Exceptions.

9

13. Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and except for the Permitted Exceptions, all persons and entities, including, without limitation, the Debtors, all debt security holders, equity security holders, the Debtors' employees or former employees, governmental, tax, and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding any liens, claims and interests, in or with respect to the Equipment and Supplies (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising prior to the closing date under the APAA or the transfer of the Equipment to the Purchasers and the Supplies to any third party purchasers, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such liens, claims and interests against the Purchasers, such third party purchasers of Supplies, or the Equipment and Supplies. To avoid doubt, the foregoing shall not prevent the Debtors, their estates, successors, or permitted assigns from pursuing claims, if any, against the Purchasers and/or their successors and assigns in accordance with the terms of the APAA.

14. If any person or entity that has filed any financing statement, mortgage, mechanic's lien, *lis pendens* or other document or instrument evidencing liens with respect to any of the Equipment and Supplies shall have failed to deliver to the Debtors and Purchasers prior to the Closing of the APAA, in proper form for filing and executed by the appropriate entity or entities, termination statements, instruments of satisfaction and releases of all interests which such person or entity has with respect to the Equipment and Supplies, then (a) the Debtors are authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity and (b) the Purchasers are authorized to file, register, or otherwise record a copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall

constitute conclusive evidence of the release of all liens, claims, encumbrances, and interests in the Equipment and Supplies as of the Closing of the APAA.

15. This Order (a) is and shall be effective as a determination that, upon Closing, liens existing as to the Equipment and Supplies conveyed to the Purchasers, except for the Permitted Exceptions, have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, ***subject to paragraph 11 hereof, (CEC)*** and (b) is and shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Equipment conveyed to the Purchasers and Supplies conveyed to third parties.

16. The provisions of this Order authorizing the sale of the Equipment and Supplies free and clear of Liens shall be self-executing, and neither the Debtors nor the Purchasers shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate and implement the provisions of this Order. However, the Debtors and the Purchasers, and each of their respective officers, employees, and agents, are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Purchasers deem necessary or appropriate to implement and effectuate the terms of the APAA and this Sale Order.

7653/21521-011 Current/14242605v8

17. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APAA and this Sale Order.

18. After the date of Closing of the APAA, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect liens or a security interest against any of the Equipment and Supplies on account of, or (b) collect or attempt to collect from the Purchasers or any of its affiliates, any tax (or other amount alleged to be owing by the Debtors) (i) for any period concluding prior to the date of Closing or (ii) assessed prior to and payable after the date of Closing, in each case except as related to a Permitted Exception.

19. This Sale Order shall be binding upon and govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Equipment and Supplies.

20. Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, all "persons" (as that term is defined in section 101(41) of the Bankruptcy Code) are hereby enjoined from taking any action against the Purchasers, any third party purchaser of the Supplies or their respective affiliates (as they existed immediately prior to the Closing) to recover any claim which such "person" has solely against the Debtors (as they exist immediately following the Closing).

21. All persons or entities who are presently, or at the Closing of the APAA will be, in possession of any of the Equipment and Supplies conveyed to the Purchasers hereunder are

12

7653/21521-011 Current/14242605v8

hereby directed to surrender possession of such Equipment and Supplies to the Purchasers at the Closing.

22. From and after the date of the entry of this Sale Order, the Debtors or any creditor or other party in interest shall not take or cause to be taken any action that would interfere with the transfer of the Equipment to the Purchasers or the Supplies to any third party purchasers in accordance with the terms of this Sale Order.

23. The Purchasers and any purchasers of the Supplies are good faith purchasers entitled to the benefits and protections afforded by Section 363(m) of the Bankruptcy Code; accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sales shall not affect the validity of (i) the sale of the Equipment by the Debtors to the Purchasers or (ii) the sale of the Supplies to third parties.

24. The consideration provided by the Purchasers for the Equipment and the process for selling the Supplies to third party purchasers pursuant to the APAA is fair and reasonable, and the Sales may not be avoided under Section 363(n) of the Bankruptcy Code.

25. With respect to the transactions consummated pursuant to this Sale Order, this Sale Order shall be sole and sufficient evidence of the transfer of title to the Purchasers and any purchasers of the Supplies, and the Sales consummated pursuant to this Sale Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Sale Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and

13

7653/21521-011 Current/14242605v8

federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Sale Order as sole and sufficient evidence of such transfer of title and shall rely upon this Sale Order in consummating the transactions contemplated hereby.

26. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the APAA, the Bidding Procedures Order, and this Sale Order in all respects and further to hear and determine any and all disputes between the Debtors and/or the Purchasers, as the case may be; <u>provided</u>, <u>however</u>, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the APAA, the Bidding Procedures Order, and this Sale Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

27. The APAA and any related agreements, documents or other instruments shall be amended to reflect the Adjusted Purchase Price.

28. The APAA and any related agreements, documents or other instruments may be further modified, amended or supplemented by the parties thereto, in a writing signed by such parties, in accordance with the terms thereof without further order of the Court, provided, however, that any material modifications shall be subject to the prior review and approval of the U.S. Trustee and the Committee.

29. From and after the date hereof, each Debtor shall act in accordance with the terms of the APAA and each Debtor, to the extent it already has not done so, shall execute any Sale Document at or prior to Closing.

30. To the extent of any inconsistency between the provisions of this Sale Order and the APAA, or any documents executed in connection therewith, the provisions contained in this Sale Order shall govern.

31. The provisions of this Sale Order are nonseverable and mutually dependent.

32. This Sale Order shall inure to the benefit of the Purchasers, the Debtors, and their respective successors and assigns, including but not limited to any Chapter 11 or Chapter 7 trustee that may be appointed in the Debtors' cases and shall be binding upon any trustee, party, entity or fiduciary that may be appointed in connection with these cases or any other or further case involving the Debtors, whether under Chapter 7 or Chapter 11 of the Bankruptcy Code.

33. Because time is of the essence, this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the stay of (i) orders authorizing the sale, use, or lease of property of the estate, as set forth in Bankruptcy Rule 6004(h) and (ii) proceedings to enforce a judgment, as set forth in Bankruptcy Rule 7062, or otherwise shall not apply to this Sale Order.

34. The Debtors are authorized to close the APAA immediately upon entry of this Sale Order.

Dated: **_June 15_**, 2009
      Brooklyn, New York

                                                *s/Carla E. Craig*
                                                United States Bankruptcy Judge

7653/21521-011 Current/14242605v8