UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              Case Nos.:   09-40901 (CEC)
                                                                                       through 09-40909 (CEC)

Caritas Health Care, Inc., <u>et. al.</u>,                Jointly Administered

                                                                    Chapter 11

                     Debtors.
-----------------------------------------------------------x

## <u>DECISION</u>

APPEARANCES:

| | |
|---|---|
| Stephen Z. Starr, Esq. | Jeffrey W. Levitan, Esq. |
| Starr & Starr, PLLC | Adam T. Berkowitz, Esq. |
| 260 Madison Ave., 17th Floor | Proskauer Rose LLP |
| New York, NY 10016 | 1585 Broadway |
| Counsel for Neat Heat & Cooling, Inc. | New York, NY 10036 |
| | Counsel for Debtors |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on motion of Neat Heat & Cooling, Inc. ("Neat Heat") pursuant to 9006(b)(1) to deem its proof of claim and a request for payment of an administrative expense timely filed, though they were filed after the bar date in this case. Caritas Health Care, Inc., Caritas Anesthesia Services, P.C., Caritas Cardiology Services, P.C., Caritas Emergency Medical Services, P.C., Caritas Family Health Services, P.C., Caritas Medical Services, P.C., Caritas OB/GYN Services, P.C., Caritas Pediatric Services, P.C. and Caritas Radiology Services, P.C. (collectively, the "Debtors") oppose the motion. For the following reasons, the motion is denied.

## Jurisdiction

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B) and 1334 and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Background

The following relevant facts are undisputed.

During the period May through July 2008, Neat Heat and the Debtors entered into eight separate agreements for the lease by the Debtors of temporary air conditioning equipment.

On February 6, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

On November 24, 2009, the Court established January 15, 2010 (the "Bar Date") as the deadline for filing pre-petition proofs of claim against the Debtors, and requests for payment of administrative expenses incurred between February 6, 2009 and October 31, 2009.

On December 3, 2009, the Debtors served notice of the Bar Date and a form of proof of claim and request for payment of an administrative expense on Gregory Pandolfo, Esq., as attorney for Neat Heat. Aff. of Mailing, ECF No. 482. Notice of the Bar Date was not directly served on Neat Heat.

On January 22, 2010, one week after the Bar Date, Neat Heat filed a proof of claim for a pre-petition unsecured claim in the amount of $117,810. On January 27, 2010, Neat Heat filed an amended proof of claim asserting a pre-petition claim of $157,610 and requesting payment of an administrative expense in the amount of $40,000 (together, the "Claims").

On March 13, 2010, Neat Heat filed this motion to deem the Claims timely filed.

## Legal Standard

Bankruptcy Rule 3003(c)(3) provides that a court "shall fix" a date by which proofs of claim must be filed in a Chapter 11 case, commonly known as a bar date. Fed. R. Bankr. P. 3003(c)(3). A bar date serves "the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." First Fidelity Bank, N.A., N.J. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.), 937 F.2d 833, 840 (2d Cir. 1991). It is "akin to a statute of limitations, and must be strictly observed." In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).

However, a party may be permitted to file a late proof of claim and have it deemed timely filed. Bankruptcy Rule 9006(b)(1), provides, in pertinent part: "[W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The burden to establish

excusable neglect lies with the party seeking to file the late claim. Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 121 (2d Cir. 2005).

The Supreme Court set out the parameters of excusable neglect in Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380 (1993). In that case, the Court held that excusable neglect is an "elastic concept," and is not limited to situations where the failure to timely file was due to circumstances beyond the filer's control. Pioneer, 507 U.S. at 392. Rather, "excusable neglect" may encompass situations involving inadvertence, mistake or carelessness. Id. at 388. However, ignorance of the rules does not usually constitute excusable neglect. Id. at 392.

The determination of whether neglect is "excusable" is an equitable one. Id. at 395. In reaching its decision, a court will consider all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.

In this Circuit, the excuse given for the late filing is given the more weight than the other Pioneer factors. Enron, 419 F.3d at 122 (citing Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003)); Mich. Self-Insurers' Sec. Fund v. DPH Holdings Corp. (In re DPH Holdings Corp.), No. 05-44481, Adv. Pro. No. 10 Civ. 646 (SAS), 2010 WL 2633698, at *3 (S.D.N.Y. June 30, 2010). Indeed, the other factors are relevant "only in close cases." Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 416 (2d Cir. 2004) (discussing excusable neglect in the context of Fed. R. App. P. 4(a)). The Second Circuit has taken a "hard line" approach in applying the Pioneer standard. Enron, 419 F.3d at 122; Silivanch, 333 F.3d at 368. "[T]he

equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' and . . . where 'the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.'" Silivanch, 333 F.3d at 366-367 (quoting Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-251 (2d Cir. 1997)) (alteration in original).

## Discussion

Neat Heat argues that it did not receive proper notice of the Bar Date because notice was sent only to Mr. Pandolfo, its litigation counsel. The Debtors argue that Neat Heat received actual notice of the Bar Date by virtue of the notice given to Mr. Pandolfo.

"The Due Process Clause in the Fifth Amendment to the United States Constitution requires that creditors receive notice of the filing of the bankruptcy case and the bar date in order to afford creditors the opportunity to file a proof of claim." In re Enron Corp., No. 01-16034 (AJG), 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006.) A chapter 11 debtor must give creditors reasonable notice of the bar date. Id.; In re XO Commc'ns, Inc., 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003).

Although Mr. Pandolfo did not file a notice of appearance in this case on Neat Heat's behalf, he contacted the Debtors in writing, informed them that he represented Neat Heat, and requested that the equipment be returned to Neat Heat. Debtors' Opp'n Ex. A. Mr. Pandolfo also informed the Debtors that Neat Heat was owed for the use of the equipment, and that the debt was continuing to accrue. Debtors' Opp'n Ex. A. He further requested that the Debtors "contact [him] with respect to the foregoing matters." Debtors' Opp'n Ex. A. Additionally, it is undisputed that Neat Heat "engaged the services of Greg Pandolfo, Esq.[,] to assist it in connection with this matter." Mot. ¶ 14.

Although Neat Heat was not directly served with notice of the Bar Date, Neat Heat received actual notice of the Bar Date because notice was served on Mr. Pandolfo on its behalf. A "party . . . is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" Pioneer, 507 U.S. at 397 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-634 (1962)). Therefore, Neat Heat's argument that it did not receive notice of the Bar Date must be rejected.

Neat Heat argues that the Pioneer factors weigh in favor of deeming the Claims timely filed. First, Neat Heat argues that there was a very short delay in filing the Claims.

To determine whether a delay is substantial, a court will consider whether the delay will "'disrupt the judicial administration of the case.'" Enron, 419 F.3d at 128 (quoting In re Infiltrator Sys., Inc., 241 B.R. 278, 281 (Bankr. D. Conn. 1999)). Courts will also consider whether the plan of reorganization has already been filed or confirmed. Id. (citing Infiltrator Sys., 241 B.R. at 281)). Ultimately, however, a court must consider the delay "in the context of the proceeding as a whole." Id. "[T]he evaluation of lateness should, at least to some extent, also take into account the creditor's explanation for the delay." Id. at 129.

In this case, the length of delay between the Bar Date and the filing of the Claims is not substantial. The original pre-petition claim was filed approximately one week after the Bar Date, and the amended claim was filed five days thereafter. This is a brief delay, given that the Debtors have not yet filed a chapter 11 plan or disclosure statement. Indeed, the Debtors do not argue otherwise. This factor therefore weighs in favor of granting relief under Bankruptcy Rule 9006(b)(1).

However, the most important factor, the reason for the delay, does not weigh in Neat Heat's favor. Neat Heat asserts that the delay in filing the Claims was caused by a

misunderstanding with Mr. Pandolfo regarding who was going to file the Claims. Neat Heat asserts that it understood that Mr. Pandolfo was going to file the Claims on its behalf, and that Mr. Pandolfo thought that Neat Heat was going to file the Claims. Mot.¶ 18-19.

Neat Heat asserts that a second error by its counsel contributed to the delay in timely filing the Claims. In early January 2010, prior to the Bar Date, Mr. Pandolfo instructed his staff to fax the proof of claim to Neat Heat when he learned that Neat Heat was not served with notice of the Bar Date directly. Pandolfo Decl. ¶ 11. However, the fax was never sent. Pandolfo Decl. ¶ 11. After expiration of the Bar Date, and upon learning that that the Claims were not filed, Neat Heat filed the Claims.

Neat Heat's reason for failing to file the Claims prior to the Bar Date is insufficient to warrant relief under Bankruptcy Rule 9006(b)(1). The underlying reason for the untimely filing is law office failure. Counsel undertook representation of Neat Heat in connection with its claims against the Debtor, and received notice of the Bar Date on his client's behalf. At that point, it was incumbent on him either to file the Claims or to make sure that his client was intending to, and had the necessary form and information to do so. Neat Heat's mistaken belief that Mr. Pandolfo was going to file the Claims resulted from counsel's failure to effectively communicate with his client. This problem was compounded when Mr. Pandolfo's office failed to provide the claim form and Bar Date notice to Neat Heat, evidently leading Neat Heat to assume that Mr. Pandolfo's office had taken responsibility for filing the Claims on its behalf.

It is well established that "if a clear deadline is missed due to a law office failure, including inattention or lack of oversight, an extension is not justified." In re Musicland Holding Corp., 356 B.R. 603, 608 (Bankr. S.D.N.Y. 2006). See also Pioneer, 507 U.S. at 398 (giving "little weight to the fact that counsel was experiencing upheaval in his law practice at the time of

the bar date"); <u>Enron</u>, 419 F.3d at 126 (noting movant's weak argument based upon counsel's inadvertence); <u>Canfield</u>, 127 F.3d at 251 ("Counsel's failure to read and obey an unambiguous court rule-especially when the opposing party told him what the rule said-was not excusable. And the fact that counsel was preoccupied with his bid for public office does not alter this conclusion."); <u>In re Dana Corp.</u>, No. 06-10354(BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) ("[O]ffice mix-ups, clerical mistakes, and failure to follow office procedures do not generally constitute excusable neglect."). This is so because "clients must be held accountable for the acts and omissions of their attorneys." <u>Pioneer</u>, 507 U.S. at 396. As explained by the Supreme Court:

> [The movant] voluntarily chose this attorney as [its] representative in the action, and [it] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [its] lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

<u>Id.</u> at 397 (<u>quoting</u> <u>Link</u>, 370 U.S. at 633-634).

    Neat Heat argues that the Debtors will not be prejudiced by deeming the Claims timely filed because the Debtors have not yet confirmed a plan of reorganization, and because this motion was filed promptly. The Debtors argue that allowing the Claims may open the floodgates to other parties seeking to file late claims. The Debtors also argue that if the request for payment of an administrative expense claim is deemed timely filed, the Debtors would object to the amount sought, thereby incurring costs to the estate.

    Courts have considered various factors in determining whether prejudice exists, including "the size of the late claim in relation to the estate, whether a disclosure statement or plan has been filed or confirmed with knowledge of the existence of the claim, the disruptive effect that

the late filing would have on a plan close to completion or upon the economic model upon which the plan was formulated and negotiated." Keene, 188 B.R. at 910. Another consideration is "whether allowing a claim would be likely to precipitate a flood of similar claims." Enron, 419 F.3d at 130. See also Keene, 188 B.R. at 913. This determination necessarily "involves a certain amount of crystal ball gazing." Keene, 188 B.R. at 912.

Here, the Debtors have not proposed a plan, and therefore would be able to take Neat Heat's claims into consideration at such time as a plan formulated. To this extent, the Debtors will not be prejudiced by deeming the Claims timely filed. Additionally, the Debtors' argument that it will be forced to litigate the request for payment of the administrative expense on the merits does not constitute prejudice. See Artificial Intelligence Corp. v. Casey (In re Casey), 198 B.R. 918, 923 (Bankr. S.D. Cal. 1996) ("Requiring a debtor to answer and defend an action, by itself, cannot be seen as prejudice to the debtor sufficient to preclude relief based on excusable neglect.").

On the other hand, the Debtors could be prejudiced by "opening the floodgates" to other claimants. It is certainly possible that there are other claimants who failed to file claims by the Bar Date, including, potentially, other lessors of equipment to which the Debtors owe debts. The burden of establishing lack of prejudice lies with the party seeking relief under Bankruptcy Rule 9006, and Neat Heat "introduced no evidence concerning the number of *potential* claimants who might have been prompted to file late claims in the wake of a ruling" in its favor. Enron, 419 F.3d at 132.

However, even in the absence of prejudice, Neat Heat's motion would fail because, as discussed above, it received actual notice of the Bar Date and its excuse of law office failure is not a sufficient basis for finding excusable neglect. See Kanoff v. Better Life Renting Corp., No.

07-2363 (FLW), 2008 WL 4755343, at *3 (D.N.J. Oct. 27, 2008) (no excusable neglect under Fed. R. App. P. 4(a)(5)(A)(ii), because reason for delay was insufficient, notwithstanding "little prejudice" to adversary), aff'd, 350 F. App'x 655 (3d Cir. 2009).  As noted in Keene, "Pioneer does not stand for the proposition 'no harm, no foul.'"  Keene, 188 B.R. at 909.

## Conclusion

For the foregoing reasons, Neat Heat's motion is denied.  A separate order will issue.



**Dated: Brooklyn, New York**
**August 30, 2010**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**